## THURMAN *vs.* VAN BRUNT.

Upon the acceptance of a draft the presumption of law is, that the drawee is in funds to pay it, and the drawer, if subsequently obliged to pay the draft, may maintain an action against the acceptor, founded upon this legal presumption. But when such presumption is rebutted by proof that the acceptance was made without funds, the presumption shifts to the other side, and the law raises a promise on the part of the drawer to put the drawee in funds.

This presumption again may be overcome by proof that the acceptance was made upon some other agreement or understanding.

Where drafts are not only drawn for the accommodation of the payees, but they are also accepted for their accommodation, and upon an express agreement between the payees and the acceptors that they are to be charged in account against the former, and that the latter are to look to them for payment, this relieves the drawer from the obligation which would otherwise be implied, to indemnify his drawees against the payment of drafts drawn upon them without funds.

THIS action was tried at the Rensselaer circuit in April, 1852, before Mr. Justice PARKER, without a jury.   The plaintiff, as assignee of Baker & Cameron, claimed to recover for moneys paid by that firm as the acceptors of several drafts drawn upon them by the defendant in the years 1844 and 1845.   Some

Thurman *v.* Van Brunt.

of the drafts were payable to the order of Urial Driggs, and others to the order of Driggs and Baker. They were accepted and paid when due, without funds, in the hands of the acceptor. It appeared upon the trial that the drafts were drawn under an arrangement between the payee and the acceptors by which when accepted they were to be charged to the account of the payees. The drafts were drawn by the defendant and accepted by Baker & Cameron for the accommodation of the payees. They were accordingly charged to the payees upon the books of the acceptors as they were from time to time accepted.

Upon the dissolution of the firm of Baker & Cameron the latter became solely interested in the effects of the firm; and, on the 10th of January, 1850, Cameron released Driggs, one of the payees of the drafts, from all debts, demands and liabilities, pursuant to the act for the relief of partners and joint debtors, passed April 18, 1838.

Upon these facts the judge decided that the plaintiff was entitled to recover the amount of the drafts, with interest. Judgment was accordingly perfected for $2327.46, damages and costs, from which the defendant appealed.

*A. B. Olin*, for the plaintiff.

*W. A. Beach*, for the defendant.

*By the Court*, HARRIS, J. Upon the acceptance of a draft, the presumption of law is, that the drawee is in funds to pay it; accordingly, the drawer himself, if subsequently obliged to pay the draft, may maintain an action against the acceptor founded upon this legal presumption. But when this presumption is rebutted by proof that the acceptance was made without funds, the presumption shifts to the other side, and the law raises a promise on the part of the drawer to put his drawee in funds. It will be presumed that where there are no funds, the one will not draw, nor the other accept, without such an agreement. This presumption, again, like the other, may be overcome by

In this case, I think the defendant has succeeded in showing that the drafts were not only drawn by him for the accommodation of the payees, but that they were also accepted for their accommodation, and upon an express agreement between the payees and the acceptors that they were to be charged in account against the former, and that the latter was to look to them for payment. Such an arrangement relieves the defendant from the obligation which would otherwise be implied to indemnify his drawees against the payment of drafts drawn upon them without funds. (*See Griffith* v. *Reed,* 21 *Wend.* 502; *Suydam* v. *Westfall,* 4 *Hill,* 211; *S. C.* 2 *Denio,* 205.)

In these cases, it has been held by the supreme court that, where one drawer had signed a draft as surety for his co-drawer, the acceptor could not maintain an action against him upon an implied promise to indemnify, when the acceptance had been made without funds. But the court for the correction of errors held, that, though as between themselves the relation of principal and surety might exist, yet, that, as between the drawers and acceptors, all the drawers were equally liable. The rule that the acceptor, before he can recover against the drawer, must show that he accepted and paid the bill for his accommodation, is not affected by this decision. It is only in the absence of any express agreement, that the law implies a promise of indemnity on the part of the drawer. The judgment must, therefore, be reversed, and a new trial granted, with costs to abide the event.

[Albany General Term, December 5, 1853.  *Parker, Wright* and *Harris,* Justices.]